**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB BURNS, JONATHAN MOULTON, AND STEVEN ZOU, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NZXT, INC. & FRAGILE, INC.<br><br>    Defendants. | Case No. 4:25-cv-06604-JST<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge Jon S. Tigar<br>Courtroom 6, 2nd Floor<br>Hearing Date: June 18, 2026<br>Hearing Time: 2:00 pm |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). Plaintiffs Jacob Burns, Jonathan Moulton, and Steven Zou ("Plaintiffs") and Defendants NZXT, Inc. ("NZXT") and Fragile Technologies, Inc. ("Fragile") (collectively, "Defendants") have entered into a Class Action Settlement and Release dated April 7, 2026 ("Settlement Agreement"). The Court has reviewed the Motion, the Settlement Agreement and exhibits thereto, the declarations and exhibits submitted in support of the Motion, and the record in this action. Good cause appearing, the Court hereby ORDERS as follows:

1.    This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), and personal jurisdiction over the Parties and the members of the Settlement Class. Venue is proper in this District.

1

2.      The Court GRANTS preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement, and the terms embodied therein pursuant to Federal Rule of Civil Procedure 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement.

3.      The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that Plaintiffs and proposed Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of months of arm's-length negotiations by the Parties and the use of an experienced mediator, Professor Eric Green, who facilitated a full-day mediation session on November 13, 2025, followed by further negotiations.

4.      The Court preliminarily finds that the relief provided, with total consideration valued at approximately $3,450,000.00 ("Settlement Class Consideration"), consisting of a non-reversionary cash component of $1,450,000.00 ("Settlement Cash Fund") and non-cash relief with a total monetary value of approximately $2,139,246.94 ("Settlement Non-Cash Consideration") including debt forgiveness relief valued at approximately $923,117.92 ("Debt Forgiveness") and PC-Retention relief valued at approximately $1,216,129.02 ("PC-Retention"), is adequate considering, among other things, the costs, litigation risks, delay of trial and appeal, the uncertainty of recovery, the alleged harm to Settlement Class Members, and the proposed method of distributing relief to the Settlement Class, including automatic Debt Forgiveness relief for eligible Settlement Class Members, PC-Retention relief, and cash payments to eligible claimants. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement. The involvement of a mediator and subsequent settlement process supports the Court's conclusion that the Settlement is non-collusive.

5.      The Court further finds that the Settlement Non-Cash Considerations confers real, direct value on eligible Settlement Class Members by extinguishing qualifying debt and

permitting eligible class members to retain their PCs without further payment. Although the relief made available to individual Settlement Class Members may vary based on objective criteria such as payment status and elections under the Settlement Agreement, those differences do not undermine the adequacy of the Settlement or the predominance of common issues for settlement purposes.

6.      The Court preliminarily finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other and that the proposed plan of allocation and distribution is reasonable. Cash payments from the Settlement Cash Fund shall be available only to Settlement Class Members who submit a valid Claim Form by mail or online and who satisfy the eligibility criteria set forth in the Settlement Agreement.

7.      Settlement Class Members who are not eligible for Debt Forgiveness, or whose Debt Forgiveness is less than $500, and who do not elect PC Retention, may seek cash relief by submitting a valid Claim Form and the required attestations set forth in the Settlement Agreement.

8.      Eligible Settlement Class Members who are more than 90 days delinquent on payments as defined in the Settlement Agreement shall receive Debt Forgiveness, up to the limits and according to the criteria set forth in the Settlement Agreement. Such Debt Forgiveness shall be provided automatically to eligible Settlement Class Members who do not exclude themselves from the Settlement.

9.      Eligible Settlement Class Members may elect PC Retention in accordance with the criteria and procedures set forth in the Settlement Agreement.

10.      The Settlement Administrator shall review all claims to determine validity and may reject claims that do not materially comply with the Claim Form instructions, are not submitted by Settlement Class Members, or are duplicative or fraudulent.

11.      If a Claim Form contains curable deficiencies, the Settlement Administrator shall provide notice of the deficiency and allow twenty-one (21) days to cure.

3

12. For eligible Settlement Class Members, cash payments shall be made within thirty (30) days after the Effective Date, and written confirmation of Debt Forgiveness or PC Retention shall be transmitted within thirty (30) days after the Effective Date.

13. Uncashed checks or failed ACH transfers remaining after ninety (90) days shall be used to pay reasonable settlement-administration costs, and no portion of the Settlement Cash Fund shall revert to Defendants. Any remaining unclaimed funds after final distribution shall be paid pro rata to eligible Settlement Class Members.

14. Within fourteen (14) days after entry of this Order, Defendants shall transfer $60,000.00 into an account established by the Settlement Administrator. Within forty-five (45) days after entry of this Order, Defendants shall transfer the remainder of the Settlement Cash Fund into the Settlement Administrator's account. The Settlement Administrator shall hold the Settlement Cash Fund in an interest-bearing account and administer it, including as a qualified settlement fund under Treasury Regulation § 1.468B-1 et seq.

15. The Court hereby provisionally certifies, for settlement purposes only, a Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), defined as:

> All persons who reside in the United States, who currently subscribe, or previously subscribed to, the NZXT Flex Program to obtain a PC. The Settlement Class excludes Fragile; NZXT; any entity in which Fragile or NZXT has a controlling interest; Fragile's and NZXT's directors, officers, and employees; and Fragile's and NZXT's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families. The Class Period shall be October 19, 2023, to March 30, 2026.

16. The Court finds that, for settlement purposes only, the Settlement Class as defined above satisfies the requirements of Federal Rule of Civil Procedure 23(a) and Rule 23(b)(3), namely: (a) the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel have fairly and adequately represented and will continue to fairly and adequately represent the Settlement Class; and (e) for settlement purposes, common questions predominate over any questions affecting only

individual members, and settlement in a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

17. This provisional certification of the Settlement Class shall be solely for settlement purposes, without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not become effective. In the event that the Settlement Agreement is not finally approved, the provisional certification shall be vacated and shall have no effect.

18. The Court appoints Plaintiffs Jacob Burns, Jonathan Moulton, and Steven Zou as Settlement Class Representatives.

19. The Court appoints Cotchett, Pitre & McCarthy, LLP and Levi & Korsinsky, LLP as Class Counsel for the Settlement Class.

20. The Court appoints Epiq Global as Settlement Administrator and directs Epiq Global to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

**Rule 23(e)(2)**

21. Rule 23(e)(2) requires a court to consider a similar list of factors before approving a settlement, including whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

22. This list of factors is not intended to displace any factors identified by courts, "but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e) advisory

committee note to 2018 amendment; see also *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 609 (9th Cir. 2021) ("The amended Rule 23(e) did not 'displace' this court's previous articulation of the relevant factors, and it is still appropriate for district courts to consider these factors in their holistic assessment of settlement fairness.").

23.   In any event, "the district court must show it has explored comprehensively all Rule 23(e)(2) factors." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022) (citation modified; citation omitted). When a settlement agreement is negotiated prior to formal class certification, consideration of the above-listed factors alone is insufficient. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). "Accordingly, such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *Id*. "Collusion may not always be evident on the face of a settlement," and courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Id*. Such signs include (1) class counsel's receipt of a disproportionate distribution of the settlement, (2) a "clear sailing" agreement "providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class"; and (3) an arrangement whereby fees that are not awarded revert to the defendant, rather than being added to the class fund. *Id*. Additionally, the Northern District of California has published procedural guidance for class action settlements, which includes guidelines for parties seeking preliminary approval of class action settlements ("Guidelines").   See   https://cand.uscourts.gov/rules-forms-fees/northern-   district-guidelines/procedural-guidance-class-action-settlements. The Guidelines identify information that is often helpful to district courts in assessing whether a class action settlement satisfies the standards identified above. As the Court cannot fully assess all fairness factors until after the final

approval hearing, at this stage the Court evaluates whether the proposed settlement is potentially fair. *Bellinghausen v. Tractor Supply Co.,* 303 F.R.D. 611, 619 (N.D. Cal. 2015).

24. Here, those core concerns are satisfied. The proposed Settlement was reached only after Plaintiffs and Defendants exchanged information relevant to Plaintiffs' claims and Defendants' defenses, prepared mediation statements and other pre-mediation materials, participated in a full-day in-person mediation before Professor Eric Green on November 13, 2025, and then continued negotiations for months while conducting confirmatory discovery concerning, among other things, the Debt Forgiveness and PC-Retention components of the proposed relief. [Loeser Decl. ¶¶ 11-17.] The resulting Settlement provides substantial classwide Settlement Class Consideration, including Settlement Cash Fund and Settlement Non-Cash Consideration, as well as prospective business-practice changes through at least December 31, 2027. [Loeser Decl. ¶¶ 15-17, 23-26; Settlement Agreement §§ A.6, A.8].

25. The Settlement here warrants preliminary approval. Nothing in the record suggests collusion. To the contrary, the Settlement was reached after arm's-length mediation before an experienced neutral and further negotiations over several months. [Loeser Decl. ¶¶ 12-16.] The relief provided to the Settlement Class is also adequate under Rule 23(e)(2)(C). The Settlement Class consists of 19,322 persons who currently subscribe, or previously subscribed, to the NZXT Flex Program to obtain a PC during the class period. [Loeser Decl. ¶ 25] The Settlement provides multiple forms of relief tailored to class members' differing circumstances: automatic debt forgiveness for eligible class members, the option of PC retention for eligible class members, cash payments from the net settlement cash fund for qualifying claimants, and prospective changes to Defendants' business practices. [Loeser Decl. ¶¶ 23-26.] The method of distribution is likewise effective. Certain benefits are automatic; other claims may be submitted through a streamlined process administered by Epiq Global; and notice will be disseminated primarily by email, supplemented by mailed notice where necessary, with a settlement website and toll-free number to facilitate participation. [Loeser Decl. ¶¶ 17, 27; Settlement Agreement § G.] The Settlement also treats class members equitably relative to each other because class members receive relief

based on objective criteria tied to their status and circumstances under the Flex Program, rather than through arbitrary distinctions. Settlement Agreement §§ B.4. At this stage, that is more than sufficient to support preliminary approval.

26.     The Settlement Agreement is fair regarding Attorneys' Fees and Expense Payment as it expressly provides that the Parties "have reached no agreement on the amount of attorneys' fees and expenses that Class Counsel will seek," Defendants "reserve the right to object to or oppose" any fee request, and Settlement Class Members may likewise object to the requested Attorneys' Fees and Expense Payment. Settlement Agreement §§ E.1, H.2. Counsel may submit a motion for final approval and motion for attorneys' fees, expenses, and service awards no later than __ days after entry of this Order.

27.     The proposed Settlement also reflects a reasonable compromise in light of the risks, costs, and delay of continued litigation. Plaintiffs would otherwise face the burdens of contested motion practice, fact and expert discovery, class-certification proceedings, merits adjudication, and likely appeals, all with no guarantee of recovery. [Loeser Decl. ¶¶ 22, 28.] By contrast, the Settlement secures immediate and concrete relief now, without the delay and uncertainty of further litigation. On this record, the proposed Settlement falls well within the range of possible approval and satisfies Rule 23(e).

### Notice Plan

28.     Pursuant to Federal Rules of Civil Procedure 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan set forth in the Settlement Agreement, including the form and content of the proposed Summary Notice, Full Notice, Claim Form, and related notice materials attached to the supporting papers, and the procedures described in the declaration of the proposed Settlement Administrator. The Court finds that the proposed Notice Plan satisfies due process and Rule 23, constitutes the best notice practicable under the circumstances, and is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, their rights under the Settlement, their right to object or exclude themselves, and the binding effect of final judgment.

29.     The Court finds that the notice clearly and concisely states in plain, easily understood language: (a) the nature of the Action; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may appear through counsel if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

30.     The Court directs the Settlement Administrator and the Parties to implement the Notice Plan in accordance with the Settlement Agreement and this Order.

31.     By no later than thirty (30) days after entry of this Order, Defendants shall provide the Settlement Administrator with Settlement Class Member data reasonably necessary to effectuate notice and administration, including contact information, subscription details, and PC information, subject to the terms of the Settlement Agreement.

32.     On or before the Notice Date, the Settlement Administrator shall establish the Settlement Website and toll-free number, which shall remain operational through at least thirty (30) days after the deadline to file the post-distribution accounting. The Settlement Website shall be located at http://NZXTfragileSettlement.com or such other URL as agreed by the Parties. The Settlement Website shall include, in PDF format, the Complaint, the Settlement Agreement, the Full Notice, the Claim Form, this Preliminary Approval Order, the motion for attorneys' fees, costs, and service awards once filed, and such other documents as the Parties agree or the Court may require.

33.     By no later than sixty (60) days after entry of this Order (the "Notice Date"), the Settlement Administrator shall disseminate Summary Notice by email to all Settlement Class Members for whom Defendants possess a valid email address and shall supplement that notice by postcard or mailed notice to Settlement Class Members for whom Defendants do not possess a valid email address or whose email notice is returned as undeliverable.

34. The costs of notice and administration shall be paid from the Settlement Cash Fund in accordance with the Settlement Agreement. The Court preliminarily approves notice and administration costs up to $60,000.00, subject to further application if necessary.

**Claims Procedure**

35. The Court approves the form and content of the proposed Claim Form and the claims process set forth in the Settlement Agreement and directs the Parties and the Settlement Administrator to implement that process. Claim Forms may be submitted electronically through the Settlement Website or by mail.

36. Claim Forms shall be pre-populated to the extent set forth in the Settlement Agreement, including claimant name, PC model, subscription date, contact information, and eligibility information, and shall require claimants to confirm and update contact information, select a payment method, and provide the attestations required by the Settlement Agreement.

**Opt-Out and Objection Procedures**

37. Settlement Class Members may exclude themselves from the Settlement Class by submitting a written request for exclusion through the Settlement Website portal or by U.S. mail to the Settlement Administrator. Any request for exclusion must be submitted or postmarked no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline").

38. To be effective, a request for exclusion must include: (a) the Settlement Class Member's name and contact information; (b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement; and (c) the Settlement Class Member's personal signature and date. Mass or class opt-outs, or other purported group opt-outs signed by an attorney or other person or entity in a representative capacity, are not permitted and will not be accepted.

39. Any Settlement Class Member who submits a timely and valid request for exclusion shall not be bound by the Settlement, shall not be eligible to receive Settlement benefits, and may not object to the Settlement. Any Settlement Class Member who does not timely and validly request exclusion shall be bound by all proceedings, orders, and judgments in this Action if the Settlement is finally approved.

40.     At least seven (7) calendar days before the final approval hearing, Class Counsel shall file, or cause the Settlement Administrator to file, a list of the persons who have timely and validly excluded themselves from the Settlement Class.

41.     Any Settlement Class Member who does not timely and validly request exclusion may object to the Settlement, the requested attorneys' fees and expenses, and/or the requested service awards. To be considered, an objection must be submitted in writing and filed with the Court through ECF or mailed to the Court, and must be postmarked or filed no later than the Exclusion/Objection Deadline. The objection must include sufficient information to verify class membership, state the grounds for the objection, and be signed by the objector. Any objector who wishes to appear at the final approval hearing must include a notice of intent to appear in the written objection.

42.     The Settlement Administrator shall promptly provide copies of all opt-out requests and objections to Class Counsel and Defendants' counsel.

**Final Approval Hearing**

43.     The Court will hold a final approval hearing on a date and at a time to be set by the Court, but no earlier than one hundred and fifty (150) days after entry of this Order, or at the Court's convenience. The purpose of the final approval hearing will be to determine: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Settlement Class should be finally certified; (c) whether judgment should be entered dismissing the Action with prejudice and releasing the Released Claims as set forth in the Settlement Agreement; (d) whether Class Counsel's application for attorneys' fees, expenses, and service awards should be approved; and (e) whether any other matters should be resolved in connection with final approval of the Settlement.

44.     No later than forty (40) days after the Notice Date, Plaintiffs shall file their motion for attorneys' fees, expenses, and service awards. No later than seventy-four (74) days after the Notice Date, Plaintiffs shall file their motion for final approval of the Settlement. Promptly after filing, those motions shall be posted on the Settlement Website.

45.    No later than seven (7) days before the Final Approval Hearing, the Parties shall file any responses to objections and any replies in support of final approval and/or in support of the motion for attorneys' fees, expenses, and service awards.

46.    The Final Approval Hearing shall occur at least 20 days after the Objection and Exclusion Deadline, on such date as set by the Court.

47.    The Court may change the date, time, or format of the final approval hearing without further notice to the Settlement Class. If the Court changes the date, time, or format of the hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

48.    If the Settlement Agreement is not finally approved or otherwise does not become effective in accordance with its term, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

49.    The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (a) of any acts of wrongdoing or lack of wrongdoing, (b) of any liability on the part of Defendants to Plaintiffs, the Settlement Class, or anyone else, (c) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (d) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (e) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendants in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the

12

Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

50.    If Final Approval is not granted for any reason, the balance of the Settlement Cash Fund, after payment of notice and administration costs associated with the preliminary and final approval process, plus any interest earned thereon, shall be returned to Defendants within ten (10) days, as provided in the Settlement Agreement.

51.    Pending final determination of whether the Settlement should be approved, all proceedings in this Action, except those contemplated herein and by the Settlement Agreement, are stayed. Pending final approval, Settlement Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in any other lawsuit, arbitration, or representative proceeding asserting Released Claims against the Released Parties.

52.    This Preliminary Approval Order, the Settlement Agreement, and all negotiations and proceedings relating to the Settlement shall not be construed as or deemed to be evidence of any admission or concession by Defendants of liability or wrongdoing, or of the certifiability of any class for litigation purposes. Defendants continue to deny Plaintiffs' claims and deny that any class could be certified for litigation purposes.

53.    The Court retains jurisdiction over all matters arising out of or connected with the Settlement Agreement and this Preliminary Approval Order.

54.    The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to the Settlement Class. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are consistent with this Order and the Settlement Agreement.

55.    The following chart summarizes the deadlines established by this Order:

| Event | Deadline |
|---|---|
| Settlement Website and toll-free number live | 21 days after entry of this Order |
| Defendants provide Settlement Class Member data to Settlement Administrator | 30 days after entry of this Order |
| Notice Date | 60 days after entry of this Order |
| Motion for attorneys' fees, expenses, and service awards | 40 days after Notice Date |
| Exclusion/Objection Deadline | 60 days after Notice Date |
| Motion for final approval | 74 days after Notice Date |
| Claim Deadline | 90 days after Notice Date |
| Responses to objections and replies in support of final approval and fee motion | At least 7 days before final approval hearing |
| Exclusion list filed | At least 7 days before final approval hearing |
| Final approval hearing | No earlier than 150 days after entry of this Order, or at the Court's convenience |

56. The Court ORDERS that the motion for final approval shall address, in the order presented, the Northern District of California's Procedural Guidance for Class Action Settlements. As reflected in that Guidance, the Court will require a post-distribution accounting within twenty-one (21) days after the distribution of settlement funds. The Court will typically withhold between ten percent (10%) and twenty-five percent (25%) of the attorneys' fees awarded at final approval until after the post-distribution accounting has been filed. The final approval motion shall specify what percentage Class Counsel believes should be withheld and why.

IT IS SO ORDERED.

Dated: _____          _____

HON. JON S. TIGAR
United States District Judge

14